UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK D. GRUTTADAURIA, | ) | CASE NO. 1:07 CV 449 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| ROBERT FAZIO, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On February 7, 2007, pro se plaintiff Frank Gruttadauria filed this action against Robert Fazio, Carl Fazio, Sr., Fazio Investment One Ltd., and Fazio Investment Three Ltd. In the complaint, Mr. Gruttadauria alleges that the defendants have filed a lawsuit against him in the Cuyahoga County Court of Common Pleas which involves issues that were addressed in a prior federal court action. He seeks an order dismissing the state court action, enforcing the judgment in the prior federal action, and awarding him monetary damages.

**Background**

Mr. Gruttadauria was employed as a stock broker by various brokerage firms including Lehman Brothers, Inc. S.G. Cowen Securities, and Hambrecht & Quist, Inc from 1998 to 2002. In January 2002, it was discovered that Mr. Gruttadauria had been engaged in extensive securities fraud which resulted in significant financial losses for his clients and employers. A

criminal complaint was filed against him in the United States District Court for the Northern District of Ohio on January 25, 2002. Mr. Gruttadauria pled guilty on August 28, 2002 to charges of securities fraud, mail fraud, bank fraud, and identity theft and was sentenced to 84 months incarceration. See United States v. Gruttadauria, No. 1:02 cr 344 (N.D. Ohio Jan. 25, 2002). On March 22, 2004, the SEC obtained a judgment in the amount of $125,784,311.94 against Mr. Gruttadauria arising out of the same offenses. See United States Securities and Exchange Commission v. Gruttadauria, Case No. 1:02 CV 324 (N.D. Ohio filed Feb. 21, 2002).

On the same day the criminal complaint was filed, a civil action was commenced against Mr. Gruttadauria by several former clients who were victimized by his actions. In addition to Mr. Gruttadauria, the plaintiffs, Robert Fazio, Carl Fazio, Sr., Irene Dugger Fazio, Fazio Investment One Limited, and Fazio Investment Three Limited, also included Lehman Brothers, Inc., Lehman Brothers Holdings, Inc., S.G. Cowen Securities, Societe Generale Sa, Cowen & Company, Hambrecht & Quist, Inc., and J.P. Morgan Chase & Co as defendants in the action. See Fazio v. Gruttadauria, Case No. 1:02 CV 157 (filed Jan. 25, 2002). There is no indication from the docket of that action that Mr. Gruttadauria was served with process or answered the complaint. The case was assigned to United States District Judge John M. Manos. On April 15, 2002, the plaintiffs voluntarily dismissed their claims against Mr. Gruttadauria without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The case proceeded solely against the brokerage firms.

In October 2003, the Fazios and the brokerage firms voluntarily submitted to a Special Arbitration Proceeding ("SAP") created by the New York Stock Exchange designed to handle claims relating to Mr. Gruttadauria's conduct in an expedited manner. By the terms of the SAP, the Fazios agreed to dismiss with prejudice any court action or proceeding after a decision or

award was rendered by the arbitrator and, if necessary, satisfied by the brokerage firms. A decision was reached by the SAP Panel on December 10, 2004, ordering SG Cowen to pay damages and attorney fees to Carl Fazio, Irene Dugger Fazio and Fazio Investment Limited One. No damages were awarded to Robert Fazio and Fazio Investment Three Limited. The claims against Societe Generals SA, Financial Square Partners, LP, FSP, Inc., J.P. Morgan Chase & Co. and Humbrecht & Quist were dismissed with prejudice. Lehamn Brothers and Lehman Brothers Holdings settled with the Fazios prior to the arbitration hearing. See Fazio v. Gruttadauria, Case No. 1:02 CV 157 (filed Jan. 25, 2002)(ECF# 198, Mot. to Dismiss Ex. 2(c)).

In January 2006, the Fazios filed a civil action against Mr. Gruttadauria in the Cuyahoga County Court of Common Pleas, Case No. CV06582761, asserting claims under Ohio law for breach of fiduciary duty, fraud, negligent and/or reckless misrepresentation, conversion, and promissory estoppel. Mr. Gruttadauria attempted to remove the case to federal court on September 19, 2006, asserting that the claims raised by the Fazios were covered by the SAP decision. He contended that when the Fazios elected to participate in the SAP and receive the benefits of that decision, they could no longer seek relief from him. The removal action was assigned to the undersigned judge in Case No. 1:06 CV 2253 (filed Sept. 19, 2006). On October 12, 2006, this court determined that removal was improper because the case presented no federal question and jurisdiction could not be founded on diversity of citizenship. The case was remanded to state court.

Thereafter, on February 16, 2007, Mr. Gruttadauria filed the within action against the Fazios, asserting that the claims in the state court action were barred by the SAP decision. He states that while he was technically not a party to the SAP, he is a third-party beneficiary of that decision. He contends that because the Fazios elected to participate in the SAP and received payments from

3

SG Cowen and Lehman Brothers, they could no longer seek relief from him. He asks this court to enjoin and terminate the state court proceedings, and award him damages for having to litigate this matter.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

As an initial matter, Mr. Gruttadauria fails to set forth a basis for federal jurisdiction. He attempted to remove the state court action claiming that the SAP decision forever barred the Fazios from pursuing litigation against him. This court remanded the case because Mr. Gruttadauria did not establish a basis for federal question or diversity jurisdiction. He then filed this action directly in the federal court asserting the same claim. Once again, however, he fails to identify any federal cause of action in his complaint and no federal question is readily apparent from the face of the pleading. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Even liberally construed, the complaint does not sufficiently set forth a basis for federal question

jurisdiction.

Moreover, federal jurisdiction cannot be predicated on diversity of citizenship. The complaint indicates that Mr. Gruttadauria is an Ohio resident who is also incarcerated in the State of Ohio. Defendants Robert Fazio, Fazio Investment One Limited and Fazio Investment Three Limited are also residents of Ohio. Defendant Carl Fazio, Sr. is a resident of the State of Florida. Diversity of citizenship exists only when no plaintiff and no defendant are citizens of the same state. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir.1999). Although one of the defendants is a Florida resident, the plaintiff and all of the remaining defendants are residents of the State of Ohio. Complete diversity of citizenship is not present in this case.

Furthermore, this court cannot grant the relief Mr. Gruttadauria requests. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the

5

legitimate activities of the State." Younger, 401 U.S. at 44. All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state tort and breach of contract matter which implicate important state interests. There is no indication that Mr. Gruttadauria cannot raise his arguments concerning the binding effect of the SAP decision in the state court proceedings. Consequently, this court must abstain from interfering in the Cuyahoga County Court of Common Pleas Case No. CV06582761.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 9, 2007

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.